UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| Z. G., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00584-MPB-MKK |
| ) | |
| SAMUEL OLSON, ) | |
| BRISON SWEARINGEN, ) | |
| BRANDON CROWLEY, ) | |
| KRISTI NOEM, ) | |
| PAMELA BONDI, ) | |
| ) | |
| Respondents. ) | |

**ORDER DIRECTING FURTHER PROCEEDINGS**

Petitioner Z.G. ("Petitioner") is detained at the Clay County Jail in Brazil, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He filed this writ of habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release or, in the alternative, a bond hearing wherein the government must establish Petitioner's flight risk or danger by clear and convincing evidence. Dkt. 1. As will be explained below, the Court withholds ruling on the petition and **directs the parties to file supplemental briefs by December 29, 2025** on two issues.

Petitioner is a citizen of Afghanistan who supported the U.S. armed forces during its war efforts in Afghanistan. Dkt. 1 ¶ 20. When the U.S. withdrew its armed forces, Petitioner fled Afghanistan due to threats from the Taliban and ISIS. *Id.* In September of 2021, Petitioner entered the United States at Houston International Airport to seek asylum. *Id.*, ¶ 21; dkt. 14-1 at 2 (Notice to Appear). U.S. Customs and Border Protection ("CBP") inspected and paroled Petitioner into the country under Operation Allies Refuge and, upon finding that he did not pose a flight or safety risk, authorized Petitioner to remain in the United States until August 30, 2023. *Id.*, ¶ 22; dkt. 1-3

1

(I-94 form). Petitioner's humanitarian parole was later extended to August 31, 2025. Dkt. 1-5 (Form I-797C). A few days after Petitioner's parole expired, he was arrested pursuant to a Form 1-200 Warrant of Arrest for interior enforcement issued "pursuant to sections 236 [i.e., 8 U.S.C. § 1226] and 287 of the [INA]." *Id.*, ¶ 28. Petitioner was also given a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i) as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act. . ." Dkt. 14-1 at 5. The "arriving alien" checkbox is marked. *Id.* at 2. On November 3, Petitioner attended a Master Calendar Hearing where the Immigration Judge denied his request for a bond hearing due to lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) Dkt. 1 ¶ 35.

Petitioner makes statutory and constitutional arguments for why habeas relief is warranted. First, he argues that he may only be lawfully detained pursuant to 8 U.S.C. § 1226(a) because he is not "seeking admission" into the United States. Dkt. 1 at 15. Petitioner has resided within the United States for four years and ICE arrested him with a warrant that explicitly invoked the authority of § 1226. Respondents, in turn, argue that Petitioner is lawfully detained under the mandatory detention provision in § 1225(b)(2) because his humanitarian parole expired. At the expiration of his parole, Petitioner was statutorily required to "forthwith return"—or else the DHS was required to return Petitioner—"to the custody from which he was paroled." 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. §§ 212.5(e)(1)(ii), 212.5(e)(2)(i) (providing that, when parole expires, a non-citizen "shall be restored to the status that he or she had at the time of parole"). Thus, Respondents argue that Petitioner returned to the status of "arriving alien" when his parole expired on August 31. Petitioner's reply does not address the statutory or regulatory provisions for humanitarian parole. So that the Court may make an informed decision, **by December 29, 2025,**

2

**Petitioner is ordered** to file a supplemental brief addressing whether and how expiration of parole under 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. §§ 212.5(e)(1)(ii) returns Petitioner to the status of an "arriving alien." Moreover, Petitioner should address whether the government has historically detained people whose humanitarian parole has expired under § 1225 or § 1226. Respondent may file a reply, if necessary, by **January 6, 2026**.

Second, Petitioner argues his detention without a bond hearing violates the Due Process Clause of the U.S. Constitution. Respondents argue that Petitioner's detention comports with Due Process because it has not yet exceeded the presumptively reasonable threshold outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding post-removal that Government cannot detain an alien "indefinitely," limiting "post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States" and finding a detention period of six months is "presumptively reasonable"). It is unclear, however, whether *Zadvydas v. Davis* applies when the government has not issued a final order of removal. Furthermore, Respondents have not addressed Petitioner's argument that, given his liberty interest in being free from incarceration and the risk of erroneous deprivation, "re-detention without a hearing violates due process." Dkt. 1 at 23. Thus, by **December 29, 2025, Respondents are ordered** to file a supplemental brief addressing whether *Zadvydas* applies and what, if any, due process is afforded to Petitioner. Petitioner may file a reply, if necessary, by **January 6, 2026**.

In sum, the parties shall file their supplemental briefs by **December 29, 2025**. Each party shall reply, if necessary, by **January 6, 2026**.

**IT IS SO ORDERED.**

Dated: December 17, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-Registered Counsel of Record